26-MJ-3346-JDH

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, Trooper Michael J. Haines, being sworn, state as follows:

## INTRODUCTION

1. I am a State Trooper with the Massachusetts State Police and have been employed for 15 years. I am a graduate of the 80th Recruit Training Troop of the Massachusetts State Police Academy. I hold a Bachelor's and Master's Degree in Criminal Justice from Curry College in Milton, Massachusetts. I am currently assigned to the Division of Investigative Services, Special Investigations Unit of the Massachusetts State Police and to the Federal Bureau of Investigation ("FBI") Violent Crimes Task Force ("Task Force"). The Task Force is comprised of personnel from the FBI, Massachusetts State Police, Boston, Somerville, Malden, and Dedham Police Departments. The Task Force investigates kidnappings, as well as violent crimes, which are punishable under federal and state law.

2. During my tenure as a law enforcement officer, with both the Massachusetts State Police and the Task Force, I have interrogated numerous defendants, informants, and suspects who were users, sellers and/or distributors of controlled substances and who also had violent criminal records. I have additionally been involved in numerous investigations involving assaults, larcenies, extortion, kidnappings, firearms violations, armed and unarmed robberies, and crimes against persons. Since joining the Task Force, I have investigated or assisted with kidnapping investigations. I have been the affiant in multiple search warrants, both State and Federal.

3. I make this affidavit in support of a criminal complaint charging Dominic HAMPTON-BOYD ("HAMPTON-BOYD") (DOB xx/xx/1995) with kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

4. The facts stated herein are based on my own personal knowledge, interviews I have conducted, and on photographs and videos that I have personally viewed, as well as information provided to me by other law enforcement personnel involved in the investigation. In submitting this affidavit, however, I have not included each and every fact known to me about this investigation, but only the facts which I believe are sufficient to establish the requisite probable cause. The statements detailed herein are related in sum and substance unless otherwise noted.

**PROBABLE CAUSE**

5. There is probable cause to believe that on or about the early morning of August 12, 2026, HAMPTON-BOYD kidnapped the Victim[1] (DOB xx/xx/1994) from her home in Rhode Island and transported her across state lines into Massachusetts. Based on interviews with the Victim and HAMPTON-BOYD, and information received via 911 calls that morning, among other sources, investigators learned the following:

6. The Victim and HAMPTON-BOYD have been in a dating relationship since spring of 2026 but do not live together. The Victim is pregnant and HAMPTON-BOYD is the father of the expected child. The Victim and HAMPTON-BOYD had argued in the days prior to the kidnapping. The Victim threatened to reveal certain information about HAMPTON-BOYD to his friends and associates, and HAMPTON-BOYD told her that she would die before she did so.

7. The Victim owns a blue Infinity QX60 vehicle. She lent the car to HAMPTON-BOYD prior to the kidnapping. During the evening of August 11, 2026, the Victim called and texted with HAMPTON-BOYD and asked him to return her car and drive her to work in Needham,

---

[1] I am aware of the Victim's identity, her name, as well as other biographical and related information. I am not including these specifics for the purpose of this affidavit.

MA the next morning. In the early morning hours of August 12, 2026, HAMPTON-BOYD texted the Victim to tell her he was driving to her residence to pick her up.

8. HAMPTON-BOYD arrived at the Victim's residence in East Providence, RI shortly before 6:00AM. The Victim had gone outside to her trash bins and during that time, HAMPTON-BOYD had entered her apartment without her knowledge. He subsequently locked the door to prevent her entry and when he did open the door he had a pistol-style handgun pointed at her. HAMPTON-BOYD wore a black rubber glove on his left hand, which was the same hand he held the gun in.

9. The Victim pushed past HAMPTON-BOYD to get into her apartment and told him to stop. Once inside, HAMPTON-BOYD asked her what the quietest part of her house was. The Victim believed HAMPTON-BOYD was asking because he intended to kill her. The Victim told him that there was no quiet part and she did not want to die.

10. The Victim then went into her bedroom and HAMPTON-BOYD followed her. HAMPTON-BOYD proceeded to hit the Victim on the side of her forehead with the butt-end of the pistol. The Victim fell back on her bed and HAMPTON-BOYD got on top of her and started choking her, squeezing her neck to the point that she could not breathe. HAMPTON-BOYD then got off the Victim, pulled her shirt, and told her, "let's go," pushing her out of her front door.

11. HAMPTON-BOYD directed the Victim to go downstairs and pointed the gun at her. He told her that if she tried anything "it's ready," which the Victim understood to mean that the gun was ready to fire. HAMPTON-BOYD directed the Victim to her car and the Victim got in. The Victim did not want to get in the car but believed that HAMPTON-BOYD might kill her if she did not. HAMPTON-BOYD asked the Victim if she wanted to die here or in Boston. She replied that she did not want to die, she just wanted to go to work.

12. HAMPTON-BOYD then got into the driver's seat and sped away from the Victim's house. HAMPTON-BOYD drove to I-195 West and then I-95 toward Boston. During this time, HAMPTON-BOYD and the Victim continued to argue and HAMPTON-BOYD kept the firearm on his lap. On several occasions the Victim attempted to get out of the car but was not able to. In one instance, they passed a state trooper who appeared to be heading toward Fall River, MA, and the Victim opened the passenger side door in an attempt to signal the officer and other drivers that she was in distress. After she opened the door, HAMPTON-BOYD took her phone and called 911 but quickly hung up. When the 911 operator called back, HAMPTON-BOYD pointed his gun at the Victim's pregnant stomach to coerce her not to speak. He told the operator that his son had mistakenly called 911 and then hung up. In another instance, HAMPTON-BOYD attempted to choke the victim with his right hand while driving with his left. He also grabbed her hair and pulled it.

13. At some point later, the Victim was able to call 911. At approximately 7:09AM, Massachusetts State Police ("MSP") Communications received a 911 call from the Victim in which she reported that she was being strangled and assaulted by the driver of her car. She told 911 that the driver had a firearm and that the car was traveling northbound on I-93 in the area of Quincy and Milton, MA. The Victim was then able to text 911 updates on the car's location as it continued to travel up I-93.

14. At approximately 7:20AM, MSP Troopers responding and on the lookout for the suspect vehicle, located a blue Infiniti SUV and attempted to initiate a motor vehicle stop. HAMPTON-BOYD failed to stop and accelerated at a high rate of speed. The Infiniti struck multiple vehicles and subsequently crashed into another vehicle on I-93 in Milton. HAMPTON-BOYD then exited the Infiniti from the passenger side and fled on foot. Troopers pursued

HAMPTON-BOYD down I-93. During apprehension, HAMPTON-BOYD actively resisted and a violent struggle ensued.

15. Additional responding Troopers arrived to assist with securing the scene, tending to victims, and to investigate the incident. The Victim was still seated in the front passenger seat of the car. While speaking with investigators, the Victim told them there was a gun "somewhere over here" while motioning toward the floorboard of the vehicle. Troopers located a black firearm under a bag on the passenger-side floor of the vehicle. The firearm had no serial number and appeared to be a privately made Glock-style semiautomatic firearm, commonly referred to as a "ghost gun." Troopers on scene ejected a 9mm round from the chamber and a magazine containing numerous rounds of Remington-Peters 9mm Luger caliber ammunition.

16. Following his arrest, Troopers read HAMPTON-BOYD his *Miranda* rights. HAMPTON-BOYD waived his rights and agreed to speak with law enforcement. HAMPTON-BOYD stated that the firearm belonged to him and that he was responsible for the car crash.

17. I have reviewed HAMPTON-BOYD's record and know that he has been convicted of multiple offenses punishable by more than one year. For example, in 2022, HAMPTON-BOYD was convicted of armed robbery and other offenses in Suffolk Superior Court, Docket No. 2284CR00182, and was sentenced to five years to five years and one day in state prison for the armed robbery.

18. The Glock-style firearm recovered from the Victim's car traveled in interstate commerce from Rhode Island, where HAMPTON-BOYD used it to intimidate and coerce the Victim into the car, to Massachusetts, where it was ultimately seized by law enforcement.

19. The ammunition recovered from the firearm was manufactured outside of Massachusetts. No commercially available ammunition is manufactured in Massachusetts.

**CONCLUSION**

20. Based on all of the foregoing, I submit that there is probable cause to believe that on or about August 12, 2026, HAMPTON-BOYD:

a. Unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away and held for ransom and reward and otherwise the Victim, when the Victim was willfully transported in interstate commerce, and HAMPTON-BOYD traveled in interstate commerce and used any means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the offense, in violation of 18 U.S.C. § 1201(a)(1); and

b. knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is a Glock-style semiautomatic firearm, and ammunition, that is: Remington-Peters 9mm Luger caliber ammunition, in violation of 18 U.S.C. § 922(g)(1).

Sworn to under the pains and penalties of perjury,

*Michael J. Haines (JDH)*
Michael J. Haines
Trooper, Massachusetts State Police

Sworn to before me by telephone in accordance with Fed. Rule Crim. P. 4.1 on September 24,
2026.

HON. JESSICA D. HEDGES
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS